FILED
 2011 Jun-30 PM 02:41
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES ANTHONY DOUGLAS,** | ) |
| | ) |
| **Plaintiff ,** | ) |
| | ) |
| v. | ) Case No. 5:10-cv-03069-CLS-RRA |
| | ) |
| **ALABAMA BOARD OF PARDONS &** | ) |
| **PAROLES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on May 10, 2011, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. The plaintiff filed objections to the report and recommendation on June 15, 2011. (Doc. 11.)

In his objections, the plaintiff argues that his due process claim against the defendants for failing to provide him with a timely hearing after his September 29, 2005, parole revocation is not barred by the statute of limitations.[1] He reasons that the limitations period did not begin to run until November 11, 2008, when his habeas petition was denied in state court. (Doc. 11 at 3.) Before a habeas claim may be

---

[1] Upon review of the complaint, the plaintiff does not appear to contest the validity of the parole revocation itself, only that he was not provided a timely hearing. (Compl. at 3-4.)

heard in federal court, a petitioner must exhaust available state remedies, such as a direct appeal or a petition pursuant to Rule 32, ALA. R. CRIM. P. *Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982). However, such a requirement is not necessary to file a claim under 42 U.S.C. § 1983.[2]

A plaintiff must file a § 1983 complaint within two years after his claim accrues, after "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). When the plaintiff did not receive a hearing after his September 2005 revocation, he knew or should have known the factual predicate for his due process claim. Therefore, the plaintiff's claim is time-barred.

Additionally, the plaintiff restates his claims that the defendants have violated his right to equal protection under the Fourteenth Amendment by denying him parole. The plaintiff does not allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on some

---

[2] Nevertheless, to recover damages for wrongful parole revocation under 42 U.S.C. § 1983, the plaintiff must first show that his conviction or sentence has already been invalidated through a habeas petition. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The plaintiff has not made such a showing and any request for damages for wrongful parole revocation is premature.

constitutionally impermissible basis. Therefore, the plaintiff has failed to sufficiently state a Fourteenth Amendment equal protection claim against the defendants.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be, and it hereby is, ADOPTED, and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

DONE this 30th day of June, 2011.

_____
United States District Judge